UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JOHN YARBROUGH**                                                                     **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 5:15CV-P124-GNS**

**UNITED STATES** *et al.*                                             **RESPONDENTS**

### MEMORANDUM OPINION

By Order entered January 21, 2016 (DN 12), the Court directed the Clerk to furnish Respondents and the United States Attorney with a copy of John Yarbrough's *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus, and the Court also set response and reply times. On February 17, 2016, the United States Postal Service returned the copy of the Order sent to Petitioner at his address of record (DN 13). The returned envelope was marked "Return To Sender," "Attempted – Not Known," and "Unable To Forward." A handwritten notation indicated, "RTS Not Here." Well over 30 days have passed since Petitioner's mail has been returned to the Court as undeliverable, and he has failed to notify the Court of a change in address.

Upon filing the instant action, Petitioner assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Petitioner has not provided any notice of an address change to the Court, neither orders from this Court nor filings by Respondents can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a litigant fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Court concludes that Petitioner has abandoned his interest in prosecuting this case and, therefore, will dismiss the action by separate Order.

Date: April 13, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Petitioner, *pro se*
      U.S. Attorney
4416.005